## A97A1764. BARNES v. THE STATE.
### (497 SE2d 594)

Smith, Judge.

Tammy Telayne Barnes was indicted by a Floyd County grand jury for the offenses of possession of cocaine, OCGA § 16-13-30 (a), and violation of oath of public office, OCGA § 16-10-1. A jury found Barnes guilty of both charges.[1] Barnes's motion for a new trial was denied, and she appeals, raising two enumerations of error. We affirm.

Barnes was employed as a correctional officer at the Floyd County Correctional Institution. In January 1996, the warden of the institution, J. W. Scott, received the fourth in a series of complaints from an inmate who alleged that Barnes had offered to bring drugs into the facility for his use.

Warden Scott relayed the inmate's complaint to the Floyd County Metro Drug Task Force, and a reverse sting operation was instigated with the assistance of the GBI. On January 12, 1996, special undercover GBI Agent Greg Ramey telephoned Barnes while she was working at the correctional institute and arranged to sell her cocaine later that evening after she left work. The telephone conversation between Barnes and the GBI agent was recorded. This tape was played for the jury during trial and a transcript of the recording, properly authenticated by Agent Ramey, was given to the jury with appropriate instructions that only the tape was evidence and the transcript could be used to assist them in listening to the tape.

As arranged, Agent Ramey drove to the meeting place in a car equipped with surveillance equipment and an electronic recording device. When Barnes arrived, she entered Agent Ramey's vehicle and explained to the undercover agent that she was buying cocaine for one of the inmates who claimed he could make them a lot of money by

---

[1] Barnes's codefendant, Cathy A. Wagner, a nurse at the correctional institute, was charged with one count of violation of the Georgia Controlled Substances Act. She was acquitted of the charge against her.

selling drugs in the facility. Later in the conversation, Barnes asked the agent to supply her with prescription drugs and cocaine on a regular basis. The conversation between Barnes and Agent Ramey that took place in the car was recorded. During trial, the tape of this conversation was played for the jury. The jury again was given a properly authenticated transcript of the tape with limiting instructions that the tape, not the transcript, was considered evidence.

Barnes was placed under arrest shortly after she paid Agent Ramey for the cocaine. Barnes did not deny that she arranged to buy cocaine from Agent Ramey, but claimed she was doing so in her capacity as a public officer. Specifically, Barnes claimed that she believed Warden Scott was selling drugs to inmates so she initiated her own undercover operation to "set up" Warden Scott and other superiors at the facility. Barnes also introduced testimony showing that she and the warden had a history of personality conflicts and that Barnes had filed a civil discrimination action against him during this period of time.

1. The trial court charged the jury on OCGA § 16-10-1 (violation of oath of public office), using the language of the statute. The trial court did not provide the jury with any other instructions regarding the elements of this offense. On appeal, Barnes enumerates as error the trial court's failure to charge the jury that the prohibited conduct that violates the oath of public office must take place while the officer is on duty, and not during his or her private, non-working time.

Our review of the record and transcript of this case fails to reveal any written or oral request by Barnes's counsel to charge the jury with this language, although he did object to the charge on other grounds.[2] The transcript further shows that Barnes's counsel actually stated during trial that he had no requests to charge of any kind. Absent such a request there can be no error. *Bullock v. State*, 202 Ga. App. 65, 66 (1) (413 SE2d 219) (1991).

Assuming, without deciding, that Barnes's objection to the trial court's charge at trial properly preserved this enumeration for appellate review, we still find no error because Barnes's proposed charge is an incorrect statement of the law. The issue to be decided is not whether the officer was on duty at the time of the prohibited act but whether there was some connection between the offense and the public officer's official duties. *State v. Tullis*, 213 Ga. App. 581, 582 (445 SE2d 282) (1994).

2. While the jury was deliberating, the trial court received a note requesting "phone transcriptions and a copy of Agent Ramey's testi-

---

[2] Counsel insisted it was "absolutely vital that the jury receive a charge from the [c]ourt to the effect that if they find that she was a certified police officer and, indeed, was working in that capacity, then it would be their duty to acquit."

mony." The trial court was unable to send in Agent Ramey's testimony because it had not yet been transcribed. The trial court also initially declined to allow the jury to reread the transcripts of the two taped conversations but agreed to allow them to rehear the tapes. After the tapes could not be located, however, a juror asked if they could simply review the transcript, and the trial court agreed and allowed the jury to reread both transcripts of the conversations between Barnes and Agent Ramey. The jury was given appropriate cautionary instructions before the transcripts were given to them, and the transcripts did not leave the jury box.

Barnes now enumerates as error the trial court's decision to allow the jury to reread the transcripts on the grounds that the trial court summarily changed what the jury had initially requested — a transcript of the telephone conversations — and instead allowed them access to transcripts of both the telephone and car recordings.

"It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations." (Citations and punctuation omitted.) *Payne v. State*, 219 Ga. App. 318, 319 (2) (464 SE2d 884) (1995). Considering that the proper foundation was laid for admission of the tapes and use of the transcript earlier in the trial and that the court gave appropriate cautionary instructions to the jury before they reread the transcripts, we find no abuse of discretion in this case. See *Butler v. State*, 201 Ga. App. 58, 60 (2) (410 SE2d 168) (1991); *Sledge v. State*, 223 Ga. App. 488, 490 (4) (477 SE2d 898) (1996). We specifically reject Barnes's argument that the trial court erred in allowing the jury to reread both transcripts instead of hearing the testimony as they initially requested. *Payne v. State*, supra at 319. Finally, Barnes's contention that the jury was allowed to take the transcripts into the jury room is belied by the record.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 16, 1998 —
RECONSIDERATION DENIED MARCH 4, 1998

*Barkley & Garner, Larry J. Barkley*, for appellant.
*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.