A99A1280, A99A1281. PARKS v. THE STATE (two cases).
(522 SE2d 532)

PHIPPS, Judge.

Chadwick Parks, Rapheal Bryant, and Richard Shun Manuel were charged with burglary, robbery by force, and aggravated assault on a person over 65 years old. Bryant was given a reduced sentence and testified against Parks and Manuel at their joint trial. The jury found Parks guilty of burglary and robbery by force but not guilty of aggravated assault. Following denial of his motion for new trial, Parks appeals his convictions in Case No. A99A1280. We affirm the convictions. In Case No. A99A1281, he appeals the denial of his motion for an appeal bond. We dismiss the appeal from the denial of bond.

The elderly victim, Harry Flanders, testified that he was alone in his house during the early morning hours of May 20, 1998. As he walked from the kitchen to the bedroom, intruders threw a blanket over his head and physically assaulted him. He sustained a concussion from being hit on the head with a blunt object. His assailants fled the scene after taking over $2,000 in cash, among other things. Although Flanders never saw the robbers, he testified there were at least two of them.

State's witness Toni Manuel, who resided in New York at the time of trial, previously lived in Georgia with her cousin, Richard Manuel, and Rapheal Bryant. Toni Manuel testified that on the evening in question, she overheard Bryant and her cousin Richard planning a robbery. According to Toni, Richard and Bryant left the house in the evening and returned at approximately 4:00 a.m. with Parks. Toni testified that Bryant admitted to her that the trio had robbed Flanders after entering his house through a window, that Richard was in possession of a large amount of cash, and that Richard had helped Bryant restrain Flanders. Parks told Toni that he wanted his name kept out of it.

Bryant testified that Richard Manuel planned the robbery and enlisted Parks to aid in the crime. Bryant further testified that they broke into Flanders's house through a window and threw the blanket over his head as he was walking from the kitchen to his bedroom. According to Bryant, he and Manuel accosted Flanders, Manuel hit him over the head with a gun, and Parks rummaged through the house. Toni Manuel later discovered a gun wrapped in a T-shirt in Richard Manuel's closet.

1. Parks first contends that he should have been granted a new trial because of newly discovered evidence.

That evidence was testimony given by Bryant by post-trial affidavit and at the hearing on Parks's motion for new trial. Bryant testified that he falsely implicated Parks in the crimes because Manuel had threatened to kill Bryant otherwise. But when cross-examined at the motion hearing, Bryant could not explain why Manuel was not threatening Bryant because of Bryant's testimony implicating Manuel.

Bryant's testimony was not so material that it would probably produce a different verdict. Consequently, the court did not abuse its discretion in denying Parks's motion for new trial on the ground of newly discovered evidence. See generally *Humphrey v. State*, 252 Ga. 525, 528 (3) (314 SE2d 436) (1984); *Kitchens v. State*, 228 Ga. 624, 626 (4) (187 SE2d 268) (1972).

2. Next Parks complains of the denial of his motion for new trial based on his claim that trial counsel was ineffective in various regards.

> Under the holding in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency). [Cit.]

*Thompson v. State*, 188 Ga. App. 508, 509 (373 SE2d 292) (1988).

(a) Parks charges his trial counsel with ineffectiveness in failing to cross-examine Toni Manuel concerning criminal charges pending against her and in not objecting to the trial court's refusal to allow Manuel's defense attorney to question the witness on this subject.

When Manuel's attorney began this line of questioning, the court called for a conference outside the jury's presence. During the conference, it was shown that the witness had left Georgia without paying a fine imposed as a result of reckless conduct charges in magistrate court. Nonpayment of the fine led to issuance of a bench warrant. The prosecuting attorney asked that the witness not be arrested on the warrant while she was testifying at this trial. Because the charges against the witness were not dismissed, the court refused to allow questioning of her on this topic.

Although the defendant has a right to search for an agreement between the government and a State's witness where the witness may have a substantial reason to cooperate with the government,

*Hines v. State*, 249 Ga. 257, 260 (2) (290 SE2d 911) (1982), it appears without contradiction that there was no such agreement. Manuel's attorney sought to cross-examine the witness concerning a matter which simply did not provide a "substantial reason" for her to cooperate with the government. The trial court did not abuse its discretion in disallowing cross-examination regarding this subject. Consequently, neither deficient performance by counsel nor prejudice to Parks has been shown.

(b) Parks next claims that counsel was ineffective in failing to cross-examine defendant Manuel. However, the prosecuting attorney thoroughly cross-examined him. Parks shows no additional benefit to him if his attorney had pursued questioning.

(c) Parks complains of counsel's failure to object, or reserve his right to object, to the court's failure to give his request to charge on mere presence at the scene of the crime.

Although that request to charge does not appear in the record, the court would not have erred in refusing to give it. "It is, of course, true that mere proof of the accused's presence at the scene of the crime, without any evidence to show further participation in the commission of the crime, is insufficient to authorize a conviction. [Cits.]" *Muhammad v. State*, 243 Ga. 404, 405-406 (1) (254 SE2d 356) (1979). But the principles contained in a request to charge on mere presence

> are no more than corollaries "to the requirement that the (S)tate prove each element of the offense charged." [Cit.] "The trial court gave a full and correct charge on the presumption of innocence and on the requirement that the (S)tate prove each and every element of the offenses charged . . . beyond a reasonable doubt." [Cit.] "The trial court further instructed the jury that to warrant a conviction on circumstantial evidence, the proved facts must exclude every reasonable hypothesis save that of guilt. . . . The foregoing jury charges were full and fair and, in view of them, the trial court's refusal to instruct the jury on [mere presence would not have constituted] reversible error under the facts of this case." [Cit.]

*Mattox v. State*, 196 Ga. App. 64, 66 (3) (395 SE2d 288) (1990).

3. Parks contends that in view of his acquittal on the charge of aggravated assault, his conviction of robbery by force must be set aside under the "mutually exclusive" rule articulated in *Strong v. State*, 223 Ga. App. 434 (477 SE2d 866) (1996).

But *Strong* was overruled in *Kimble v. State*, 236 Ga. App. 391, 392 (1) (512 SE2d 306) (1999), because *Strong* failed to properly apply the decision in *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d

216) (1986). *Milam* abolished the "inconsistent verdict" rule in criminal cases. Therefore, this enumeration of error is without merit.

4. Parks charges the court with error in denying his motion for directed verdict of acquittal.

This raises the question whether the evidence is sufficient to support the verdict under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997). When reviewing a conviction under *Jackson*, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999). We determine the sufficiency of the evidence and not its weight. Id. The jury's verdict in this case must be upheld, because there is competent evidence to support each fact necessary to support the convictions. Id.

5. "Because we have decided the main appeal, the appeal from the denial of bond pending post-trial relief is moot. [Cit.]" *Fenimore v. State*, 218 Ga. App. 735, 739 (463 SE2d 55) (1995).

*Judgment affirmed in Case No. A99A1280. Appeal dismissed in Case No. A99A1281. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1999.

*Virgil L. Brown & Associates, Bentley C. Adams III*, for appellant.

*William T. McBroom III, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.