## A00A1886. MANUEL v. THE STATE.
### (538 SE2d 472)

PHIPPS, Judge.

Rapheal Bryant, Chadwick Parks, and Richard Shun Manuel were charged with burglary, robbery by force, and aggravated assault on a person over the age of 65 years. Bryant was given a reduced sentence and testified against Parks and Manuel at their joint trial. Parks was found guilty of the first two offenses, and his convictions were affirmed in *Parks v. State*.[1] Manuel was found guilty of all three offenses and was given three consecutive twenty-year sentences. He appeals his convictions and sentences.

The evidence showed that after the co-indictees broke into the victim's home, Bryant and Manuel threw a blanket over his head, struck him with a gun, and restrained him while Parks stole $2,000 cash and other items. Manuel's cousin testified that she had overheard the co-indictees plan the robbery and that, after commission of the crimes, they returned to her apartment and Bryant told her what the trio had done.

1. Manuel contends that the trial court erred in overruling his hearsay objection to his cousin's testimony concerning Bryant's out-of-court statements. There is. no merit in this contention. Bryant's extrajudicial statements constituted declarations of a conspirator made during the concealment phase of a conspiracy and were, therefore, admissible against his co-conspirator Manuel.[2]

2. Manuel next contends that the trial court erred in imposing separate sentences for robbery by force and aggravated assault on a person over the age of 65 years, because these offenses merged.

"Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact. [Cit.]"[3] One crime is not included in another as a matter of law if each offense has different elements and prohibits different conduct.[4] One crime is not included in another as a matter of fact unless the State "uses up" all the evidence that the defendant committed the former in establishing the latter.[5]

Because the crimes of robbery by force and aggravated assault on a person over the age of 65 years have different elements and prohibit different conduct, neither is included in the other as a matter of law. Nor are they included offenses as a matter of fact in this case. The indictment alleged that the robbery of the victim was "by force."

---

[1] 240 Ga. App. 45 (522 SE2d 532) (1999).

[2] OCGA § 24-3-5; *Jones v. State*, 265 Ga. 84 (2) (453 SE2d 716) (1995).

[3] *Wells v. State*, 222 Ga. App. 587, 588 (3) (474 SE2d 764) (1996); see OCGA §§ 16-1-6 (1); 16-1-7 (a) (1).

[4] See *Hardy v. State*, 210 Ga. App. 811, 813 (3) (437 SE2d 790) (1993).

[5] See *Chadwick v. State*, 236 Ga. App. 199, 202 (3) (511 SE2d 286) (1999).

The State proved force by showing that Bryant and Manuel threw a blanket over the victim's head and restrained him. The aggravated assault was shown by the physical attack with the gun. Because the State thus proved each offense by different facts, it did not use all the evidence that Manuel committed one crime in proving the other. Therefore, the court did not err in imposing separate sentences for robbery by force and aggravated assault upon a person over the age of 65 years.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 15, 2000.

*Ben T. Smith, Jr.*, for appellant.

*William T. McBroom III, District Attorney, Mark M. Irvin, Assistant District Attorney*, for appellee.