## A01A2318. DORSEY v. THE STATE.
(555 SE2d 498)

ELDRIDGE, Judge.

In 2000, defendant Byron Joseph Dorsey, Jr. was accused of aggravated assault, battery, aggravated sodomy, and rape. At the Hall County jury trial, the defendant's former wife and victim, a woman with whom he had continued to live after being divorced, testified that the defendant picked her up from a Gainesville hotel

---

[2] OCGA § 9-2-61 (c) added by amendment Ga. L. 1990, p. 876, § 1.

where she spent the night with two male strangers, took her to their residence, beat her, and, while holding a knife on her, forced her to sodomize him orally and to submit to anal and vaginal intercourse with him. A Hall County jury convicted the defendant of one count of aggravated assault and one count of battery only. The defendant was sentenced concurrently to twenty years confinement, to serve six, and the remainder probated. *Held*:

1. After the events in issue occurred, the victim was admitted to a shelter for battered women. On direct examination of the shelter's intake clerk and over the defendant's objection, the trial court allowed the State to introduce the victim's statement on admission as to what brought her to the shelter — this as consistent with her testimony on direct. *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). The statement was as follows: "[She and the defendant] were drinking 5:00 to 9:00. She jumped out of the truck, went to the hotel with two men, called [the defendant] in a.m. to come get her. [The defendant] beat her up real bad. Then she went home with him. The police were called. At home he pulled her hair and made her have sex with him." The defendant contends the admission of this testimony was error upon the claim that he had not attacked the victim's truthfulness on cross. *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998). In *Woodard,* the Supreme Court held that "[u]nless a witness's veracity has affirmatively been placed in issue, the witness's prior consistent statement is pure hearsay evidence, which cannot be admitted merely to corroborate the witness, or to bolster the witness's credibility in the eyes of the jury." (Footnotes omitted.) Id.

Defendant's claim to the contrary notwithstanding, defendant's cross-examination of the victim shows that he challenged her testimony on direct as inconsistent with what she told police and defense counsel in earlier interviews and as colored by the degree to which she had been intoxicated while at the Gainesville hotel and the morning after. In doing so, the defendant, in effect, challenged the victim's trial testimony as recently fabricated. Accordingly, the trial court did not err in admitting the victim's prior consistent statement. *Blackmon v. State,* 272 Ga. 858, 859 (2) (536 SE2d 148) (2000); *Cuzzort v. State*, supra; compare *Woodard v. State*, supra at 320 (2), fn. 2 (prior consistent statements inadmissible to bolster general credibility). Even were there error, we would reverse only in the event that the hearsay contributed to the guilty verdict. Id. at 324 (4). Given the overwhelming evidence of defendant's guilt, the admission of the prior consistent statement, even if deemed error, was harmless. See *Bridges v. State*, 268 Ga. 700, 708 (6) (492 SE2d 877) (1997).

2. Further, the defendant argues that the trial court erred in allowing the jury to rehear that portion of the shelter intake clerk's testimony recounting the prior consistent statement of the victim, set

out infra, without reading back his cross-examination thereon. We are unpersuaded. It has long been settled that "[t]he jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice. *Byrd v. State*, 237 Ga. 781, 783 (229 SE2d 631) [(1976)]. Accord *Wilkerson v. State*, 165 Ga. App. 14 (299 SE2d 67) [(1983)]." *Akers v. State*, 179 Ga. App. 529, 530 (3) (346 SE2d 861) (1986). Accord *Watkins v. State*, 273 Ga. 307 (540 SE2d 199) (2001); *Martin v. State*, 240 Ga. App. 901 (525 SE2d 728) (1999). We find no special circumstances as would here require reversal, this particularly because the trial court twice issued cautionary instructions to the jury, directing it to consider the whole of the evidence and to refrain from giving greater emphasis to that evidence it heard twice. *Akers v. State*, supra at 531; *Barnes v. State*, 230 Ga. App. 884, 886 (2) (497 SE2d 594) (1998). In light of the foregoing, the trial court did not err in allowing the jury to rehear the testimony it requested.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 12, 2001.

*Turner & Willis, Christopher W. Willis*, for appellant.
*Lydia J. Sartain, District Attorney, Lindsay H. Messick, Assistant District Attorney*, for appellee.