## A04A1914. TALLEY v. THE STATE.
### (605 SE2d 108)

ELDRIDGE, Judge.

A Cherokee County jury found James Talley guilty of one count of aggravated assault, four counts of simple battery, and two counts of terroristic threats arising from acts Talley committed against his former girlfriend and her minor children. He appeals, claiming that he received ineffective assistance of counsel at trial and that the trial court erred in refusing to allow him to fire his defense counsel; in admitting similar transaction evidence; in admitting the victim's prior consistent statement; and in imposing a probationary condition that negates his ability to contact his children. Finding the alleged trial errors to be without merit, we affirm Talley's conviction.

1. In his first enumeration of error, Talley claims, "The trial court erred when [sic] refused to permit Mr. Talley to fire his attorney and failed to inquire as to whether he wished to proceed pro se rather than with appointed counsel." Our review of the record shows no factual basis upon which to conclude the trial court "refused" a pre-trial request by Talley to terminate his attorney's employment. Instead, upon inquiry prior to trial, Talley stated that he was satisfied with his attorney and wanted to continue with his attorney's representation. We know of no basis for a sua sponte inquiry by the trial court into whether a defendant may wish to proceed pro se, after that same defendant has just asserted satisfaction with legal representation. Certainly, Talley has not provided us with any precedent in support of such inquiry. Accordingly, this claim is meritless.

2. Next, Talley contends he received ineffective assistance of counsel at trial because (a) his defense attorney failed to call three witnesses to rebut a similar transaction witness's testimony, and (b) counsel failed to move to sever offenses. To establish ineffectiveness, an appellant carries the burden to show both that his counsel's performance was deficient, and that the deficiency prejudiced him; failure to satisfy either prong of this test is fatal to an ineffectiveness claim; moreover, a defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct.[1]

(a) The rebuttal witnesses at issue were interviewed by defense counsel, who determined that their testimony would be less useful than retaining the right to closing argument; counsel discussed his decision with Talley who concurred. This matter of trial strategy does

---

[1] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997); *Washington v. State*, 238 Ga. App. 561, 562 (2) (519 SE2d 234) (1999).

not render counsel's representation ineffective. Further, we have reviewed the proffered testimony of these witnesses at the motion for new trial and find counsel's strategic decision reasonable. Two of the witnesses did not view the entire incident so as to make their testimony relevant for rebuttal purposes. The remaining witness had been in a fistfight with the similar transaction witness sought to be rebutted and, thus, credibility was an issue; in addition, this witness did not testify at the motion for new trial hearing and was not subject to cross-examination so as to demonstrate the value of her testimony. Under these circumstances, Talley has not met his burden to show either error or prejudice in his attorney's representation.[2]

(b) Likewise, Talley has not met his burden to show that a motion to sever offenses would have been granted. The offenses contained in the indictment entailed continuous acts of domestic violence against the same victims. Each would have been admissible as prior difficulties evidence in the trial of the other.[3] As it is unlikely a motion to sever would have been successful, Talley has failed to establish ineffective assistance.[4]

3. Talley claims error in the admission of similar transaction evidence because (a) the trial court failed to rule upon a proper purpose for the admission of such evidence, and (b) the State failed to establish a probative connection between the prior acts and current offenses. We find no error.

(a) The record shows that there is no factual or legal merit to Talley's contention that the trial court did not rule as to a proper purpose for the admission of the similar transaction evidence. The trial court found the evidence admissible to show "intent, motive, bent of mind and course of conduct" and so instructed the jury.

(b) The two similar transactions witnesses were Talley's former wives. Each had a son with Talley. Their testimonies demonstrated a pattern of domestic abuse that included Talley's physical attacks, threats to kill them, threats to kill their children, use of knives against them, and exploitation of their fear. We find a probative nexus between this evidence and the charged offenses wherein the victim, Talley's former girlfriend, was subjected to Talley's physical attacks, threats to kill her, threats to kill her children, use of a knife against her, and exploitation of her fear.

We point out that in cases of domestic violence, prior incidents of abuse against sexual partners are generally more

---

[2] *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999).

[3] *Appling v. State*, 246 Ga. App. 556 (541 SE2d 129) (2000). See also *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998).

[4] *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994).

permitted because there is a logical connection between violent acts against different persons with whom the accused had a similar emotional or intimate attachment. Prior acts can show the accused's attitude or mindset (i.e., his bent of mind) as to how sexual partners should be treated. Prior acts can also show an accused's course of conduct in reacting to disappointment or anger in such a relationship, evidencing a pattern. As we noted in *Smith*[ *v. State*, 232 Ga. App. 290, 295 (1) (501 SE2d 523) (1998)], domestic violence usually occurs in the privacy of the home and is often difficult to prove. The relevance of the similar transaction evidence in this case, along with the trial court's appropriate limiting instruction regarding the purpose of the evidence, outweighed its prejudicial impact.[5]

4. Talley claims the trial court erred in permitting the State to introduce a prior consistent statement of the victim to improperly bolster her testimony. At trial, Talley objected to the disputed testimony on the basis of hearsay, not on the grounds now asserted. It is well settled that "grounds which may be considered on appeal are limited to those which were raised at trial [and a]n objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal."[6] Since Talley objected on grounds of hearsay, his argument that the prior consistent statement improperly bolstered the victim's testimony has been waived and presents nothing for review.

5. In his last claim of error, Talley contends the trial court erred in imposing as a condition of probation that he have no contact with his ex-wives (the similar transaction witnesses) or "their immediate family members," whether "personal, by telephone, mail, or otherwise"; he claims that this condition deprives him of his right to contact his children, who are the "immediate family members" of the similar transaction witnesses. We find no error.

[T]he conditions of probation are not imposed involuntarily, but are accepted by convicted criminals as a condition necessary to avoid incarceration in the penitentiary. Whether the waiver of rights required under the condition of probation amounts to an abuse of discretion depends upon whether it is related to a legitimate purpose underlying the criminal

---

[5] (Footnotes omitted.) *Woods v. State*, 250 Ga. App. 164, 166 (1) (a) (550 SE2d 730) (2001).
[6] (Citations and punctuation omitted.) *Walker v. State*, 258 Ga. App. 333, 336 (3) (574 SE2d 400) (2002).

justice system or whether defendant's loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.[7]

Here, as noted in Division 3 (b), the record shows that, like the incident for which he was convicted, Talley repeatedly utilized threats to kill his children in order to manipulate and abuse his ex-wives. At sentencing, the State expressed concern that, during any probationary period, Talley would retaliate against his ex-wives for testifying against him. The trial court expressly noted that Talley evidenced "no glimmer of understanding, no inkling of remorse" for his acts against the victim or his ex-wives. Under these circumstances we find the contested condition of probation "is related to a legitimate purpose underlying the criminal justice system," and as such, the imposition of this condition does not demonstrate an abuse of the trial court's discretion.[8]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 23, 2004.

*Lee W. Fitzpatrick*, for appellant.
*Garry T. Moss, District Attorney, Wallace W. Rogers, Jr., Assistant District Attorney*, for appellee.

---

[7] (Citation and punctuation omitted.) *Goode v. Nobles*, 271 Ga. 30, 31-32 (518 SE2d 122) (1999).

[8] (Citations and punctuation omitted.) *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).