## S05A0777. MAYS v. THE STATE.
(613 SE2d 612)

THOMPSON, Justice.

Nasheika Khlane Mays was convicted of malice murder in connection with the stabbing death of Frederica Sellers.[1]

Mays revealed to her boyfriend, Quinston Sellers, that she had lied when she told him she was pregnant with his child. Later that day, Mays got into a heated argument over the telephone with Quinston's sister, victim Frederica Sellers, concerning Mays' relationship with Quinston. Minutes later, Frederica appeared at Mays' residence, knocked on the door, and asked for Mays. Mays picked up a knife on her way to the front door. Frederica entered the house and she and Mays exchanged angry words; Frederica struck Mays in the head with a beer bottle. A fight ensued between the two women, and Mays stabbed Frederica repeatedly with the knife.

Frederica's fiancé, Jerry Lee Neal, learned about the fight and rushed to Mays' home where he found Mays and Frederica in a struggle over the knife. Mays was holding the handle of the knife and Frederica had her hand on the blade attempting to prevent a further attack. Frederica told Neal, "this bitch stabbed me." Neal separated the two women and assisted the injured Frederica from the premises.

---

[1] A grand jury indicted Mays on January 18, 2000, and charged her with malice murder. Trial commenced on May 1, 2000, and a jury found Mays guilty on May 4, 2000. The trial court sentenced Mays to life in prison for malice murder. Her timely motion for new trial was denied on September 1, 2004. A notice of appeal was filed on September 30, 2004. The case was docketed in this Court on January 20, 2005, and submitted for a decision on briefs on April 25, 2005.

She had suffered six stab wounds, including defensive wounds to her arm; she died from a fatal stab wound to her shoulder that penetrated the lung.

Mays ran to the house next door and asked her neighbor, "do you think I'll go to jail for cutting up [Frederica]?" A bloody knife was later retrieved from the front yard of the neighbor's house. After receiving *Miranda* warnings, Mays gave custodial statements in which she admitting stabbing the victim in self-defense.

1. The evidence was sufficient for a rational trier of fact to have found Mays guilty beyond a reasonable doubt of malice murder under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mays asserts that the trial court abused its discretion in limiting her cross-examination of State's witness Jerry Neal.

During Neal's direct testimony, the State established that the witness was then serving a sentence for an unrelated aggravated assault. Mays began her cross-examination by questioning Neal about the details of that conviction. The State objected on relevancy grounds. Defense counsel responded that she intended to ask only "one question and that is where [the aggravated assault] occurred." The court allowed the question, and the witness responded, "up by Kitchen Pride" (a local convenience store, and also the name of a gang that congregated there). Defense counsel then attempted to follow up with additional questions to establish Neal's gang affiliation. The trial court allowed the questioning based on counsel's promise to show a relationship to the crime on trial.

> A criminal defendant has the right to cross-examine a witness concerning pending criminal charges against the witness for purposes of exposing a witness' motivation in testifying, e.g., bias, partiality, or agreement between the government and the witness. [Cits.] At the same time, the extent of cross-examination is within the sound discretion of the trial court.

*Kennebrew v. State*, 267 Ga. 400, 402-403 (3) (480 SE2d 1) (1996). The trial court did not improperly restrict cross-examination concerning Neal's involvement in the unrelated offense, or about a charge in the earlier indictment which was later nolle prossed. Id. See also *Sapp v. State*, 263 Ga. App. 122 (587 SE2d 267) (2003) (court upheld trial court's refusal to allow cross-examination based on dead-docketed charges).

3. Mays testified in her own defense. During direct examination, the State objected to a question concerning her knowledge of altercations between the victim and others. The defense proffered that

Mays and the victim were both members of a gang known as "Mafia, Kitchen Pride Thugs," and that the evidence was relevant to establish prior difficulties between the two women as well as appellant's state of mind at the time of the stabbing. The trial court ultimately allowed the defense to question Mays concerning her knowledge that the victim and other onlookers were gang members, and that Mays was fearful of retribution at the time of the stabbing. We are unable to perceive how this favorable evidentiary ruling could amount to harm.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 23, 2005.

*L. Elizabeth Lane*, for appellant.

*Howard Z. Simms, District Attorney, Angela J. Manson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.