## A10A0868. DAVIS v. THE STATE.
(694 SE2d 381)

ELLINGTON, Judge.

A Clayton County jury found Lorenzo Davis guilty beyond a reasonable doubt of statutory rape, OCGA § 16-6-3 (a) (Count 1); and child molestation, OCGA § 16-6-4 (a) (1) (Count 2). The trial court determined that the offenses merged and imposed sentence on the charge of statutory rape. Following the denial of his motion for a new trial, Davis appeals, challenging the trial court's rejection of his general demurrer to the indictment and several evidentiary rulings. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows the following. On November 20, 2006, Davis went into the room where the victim (his 13-year-old stepdaughter) and her two brothers were sleeping, pulled the victim's pants down, and then had sexual intercourse with her. In early January 2007, the victim's mother, Malorie Jackson, learned that the victim was pregnant; the victim told her that Davis had had intercourse with her. When Jackson questioned Davis, he admitted the "mistake" and urged his wife to "[t]hink of it as the baby [they] never had" together. The victim later miscarried the fetus. Genetic testing of the fetus confirmed Davis's paternity.

Just before jury selection began, Davis orally demurred to Count 2 of the indictment on the basis that Count 2 failed to identify the perpetrator of the offense of child molestation.[2] The trial court denied Davis's demurrer, and the trial against Davis proceeded to a verdict.

1. Because Count 2 fails to specify any perpetrator of the offense of child molestation, Davis contends, "anyone could admit the allegation of Count [2] and still be not guilty" of the offense, and, therefore, Count 2 of the indictment is fatally flawed. As we have held, there is "nothing more basic which should be properly charged

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] Count 2 reads:

[T]he Grand Jurors ... charge and accuse with the offense of CHILD MOLESTATION for that the said accused in the County of Clayton and State of Georgia, on the 20th day of November 2006, did unlawfully commit an immoral and indecent act with [the victim], a child under the age of 16, with the intent to arouse and satisfy the sexual desire of the accused[.]

in an accusation or indictment than the name of the alleged perpetrator." *Noeske v. State*, 181 Ga. App. 778, 780 (2) (353 SE2d 635) (1987). Thus, where a count of an indictment fails to name the defendant as the perpetrator of the offense charged in that count, the omission of the defendant's name is fatal to that count of the indictment as to that defendant. Id.; see also *Culpepper v. State*, 173 Ga. 799, 800-801 (161 SE 623) (1931) (accord); *Knapp v. State*, 297 Ga. App. 844, 845-846 (1) (678 SE2d 501) (2009) (accord). The record shows, however, that Count 2 merged with Count 1, which did not share Count 2's fatal flaw, and the trial court did not enter judgment as to Count 2. Accordingly, Davis's child molestation conviction was vacated by operation of law, and his contentions as to this conviction are moot. *Howard v. State*, 252 Ga. App. 487, 489 (3) (555 SE2d 884) (2001).

2. Davis contends the trial court erred in permitting Jackson, the victim's mother, to testify to the victim's prior consistent statements about what happened on the night of the offense. Because the victim was 13 years old at the time she made the statements, Jackson's testimony relating those statements was admissible under Georgia's Child Hearsay Statute, OCGA § 24-3-16. As we have held, "the Child Hearsay Statute actually contemplates testimony from both the child and those witnessing the child's later reaction, even if the hearsay may be 'bolstering.' Any bolstering can be explored by [the] defendant in cross-examination." (Citation and punctuation omitted.) *Bell v. State*, 294 Ga. App. 779, 781 (4) (670 SE2d 476) (2008). The trial court did not err in permitting Jackson's testimony over Davis's bolstering objection. Id.

3. Davis contends that the trial court erred in permitting Jackson to testify that, in the many times the victim recounted to police officers, social workers, and others what Davis did to her, the victim did not vary in any detail. Specifically, Davis contends this testimony constituted impermissible opinion testimony that the victim was telling the truth, citing OCGA § 24-9-80 ("The credibility of a witness is a matter to be determined by the jury under proper instructions from the court.") and *Putnam v. State*, 231 Ga. App. 190, 192 (2) (498 SE2d 340) (1998) ("[I]n no circumstance may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth.") (citation and punctuation omitted). At trial, however, Davis objected to the question that elicited this testimony only on the basis that the State failed to show that Jackson had been present for *every* such outcry statement and, therefore, failed to lay the foundation that she had personal knowledge of whether the victim had *always* been consistent.

It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.

(Citations and punctuation omitted.) *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001). Because Davis did not challenge the testimony at trial as a comment on the victim's credibility, he may not raise the issue on appeal. Id.

4. Davis contends the trial court erred in limiting his questions regarding whether Jackson had a sexual relationship with someone else after he went to jail. Davis contends this evidence was relevant to Jackson's credibility and possible motives for testifying against him at trial. Under Georgia law

trial courts retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant. In assessing whether the limits imposed by the trial court were reasonable, our task is to determine whether the jury had sufficient information to make a discriminating appraisal of the witness's motives and bias.

(Citations and punctuation omitted.) *Haggard v. State*, 302 Ga. App. 502, 506 (2) (690 SE2d 651) (2010). After reviewing the trial transcript, we conclude that the trial court did not abuse its discretion in limiting Davis's inquiry into Jackson's sexual conduct. See *Neal v. State*, 210 Ga. App. 522, 523-524 (2) (436 SE2d 574) (1993) (Where there was no evidence that any specific person other than the defendant ever molested the victim, the victim consistently identified the defendant as the only person who molested her, and the defendant could only speculate that others who frequented the home might have had the opportunity to molest the victim, the trial court did not abuse its discretion in excluding testimony that the mother of the victim was a cocaine addict and had casual relationships with numerous men in the family home.).

5. Davis contends the trial court erred in allowing an investigator to testify, after Jackson testified that Davis admitted to her that he molested the victim, that Jackson had told him (the investigator)

the same thing. A witness's prior consistent statement is admissible at trial

> only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. . . . [A] witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.

(Citations and punctuation omitted.) *Baugh v. State*, 276 Ga. 736, 738 (2) (585 SE2d 616) (2003). "To be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must predate the alleged fabrication, influence, or motive." (Citations and punctuation omitted.) *Mister v. State*, 286 Ga. 303, 306 (4) (687 SE2d 471) (2009). In this case, Jackson testified at trial and was cross-examined. In addition, Davis placed Jackson's veracity in issue during cross-examination by attempting to show that she had an improper motive for testifying against him, a motive that developed after she made the prior consistent statement to the investigator. Consequently, the trial court did not err in subsequently allowing the investigator to testify regarding Jackson's prior consistent statement. *Nguyen v. State*, 294 Ga. App. 67, 72 (668 SE2d 514) (2008).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED APRIL 21, 2010.

*Walter M. Chapman*, for appellant.
*Tracy G. Lawson, District Attorney, Dawn M. Belisle-Skinner, Assistant District Attorney*, for appellee.