S11A0425. COLZIE v. THE STATE.
(710 SE2d 115)

CARLEY, Presiding Justice.

After a jury trial, Matthew Colzie was found guilty of the malice murder of Torrence Brown, attempted armed robbery, and possession of a firearm during the commission of a felony. The trial court entered judgments of conviction on those guilty verdicts and sentenced Colzie to life imprisonment for murder, a concurrent term of five years for attempted armed robbery, and a consecutive five-year term for the weapons charge. A motion for new trial was denied, and Colzie appeals pursuant to the grant of an out-of-time appeal.[*]

---

[*] The crimes occurred on August 29, 2007, and the grand jury returned an indictment on November 30, 2007. The jury found Colzie guilty on June 19, 2008, and the trial court entered the judgments of conviction and sentences on June 24, 2008. The motion for new trial was filed on June 24, 2008, amended on January 27, 2010, and denied on May 14, 2010. The order

1. Construed most strongly in support of the verdicts, the evidence shows that, in an apartment parking lot, Colzie approached Willie Johnson, who was sitting in his truck, and told him that Colzie was about to commit a robbery and that Johnson might want to leave. Johnson did not leave and instead witnessed Colzie walk up to the victim's car, point a rifle at him, and order him to get out of the car. When the victim pushed the gun back out of the driver's side window and said that he did not have anything, Colzie fatally shot the victim in the chest. Johnson later identified Colzie within seconds of being shown a photographic lineup.

Colzie attacks the credibility of Johnson and of another witness, and also argues that there was no forensics evidence such as DNA, fingerprints, or gunshot residue and that the murder weapon was not recovered.

> " 'We do not determine the credibility of eyewitness identification testimony. Rather "the determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury." ' (Cit.) OCGA § 24-4-8 provides that '(t)he testimony of a single witness is generally sufficient to establish a fact.' " [Cit.]

*Reeves v. State*, 288 Ga. 545, 546 (1) (705 SE2d 159) (2011). Moreover, Johnson's testimony was corroborated by other evidence, including certain cell phone records and testimony indicating that he remained in his vehicle during commission of the crimes.

Colzie further argues that, whether or not his guilt was proved beyond a reasonable doubt, the evidence was sufficiently close to warrant the trial court to exercise its discretion in granting a new trial. However, "[t]he appellate courts do not have the same discretion to order new trials as is granted to trial courts in OCGA § 5-5-21. [Cit.]" *Willis v. State*, 263 Ga. 597, 598 (1) (436 SE2d 204) (1993).

> "Whether an appellant is asking this court to review a lower court's refusal to grant a new trial or its refusal to grant a motion for directed verdict, this court can only review the case under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict. (Cit.)" [Cit.]

---

permitting an out-of-time appeal was entered on August 12, 2010, and Colzie filed the notice of appeal on August 16, 2010. The case was docketed in this Court for the January 2011 term and submitted for decision on the briefs.

*Mack v. State*, 272 Ga. 415, 416-417 (1) (529 SE2d 132) (2000). "Contrary to [Colzie's] contention, the appellate courts do not resolve conflicts in trial testimony nor do they weigh the evidence on appeal. [Cit.]" *Willis v. State*, supra. Viewing the evidence summarized above in the light most favorable to the verdicts, we conclude that a rational trier of fact could find Colzie guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, supra; *Reeves v. State*, supra.

2. Colzie contends that the trial court erred by permitting the lead detective to testify to the contents of out-of-court statements given to him by four State's witnesses.

With respect to three of the witnesses, Colzie raised only a hearsay objection.

> The superior court overruled the hearsay objection, because the persons who had made the out-of-court statements were witnesses in the case who remained available for cross-examination. On appeal, [Colzie] argues that the [detective's] testimony improperly bolstered the credibility of the witnesses who made the out-of-court statements. [Cit.] . . . [H]owever, . . . where a party objects to evidence only on grounds of hearsay, an objection on the ground of improper bolstering has been waived. [Cit.]

*Moore v. State*, 280 Ga. App. 894, 897 (4) (635 SE2d 253) (2006). See also *Talley v. State*, 269 Ga. App. 712, 714 (4) (605 SE2d 108) (2004).

Johnson was the other witness whose out-of-court statements were admitted through the detective's testimony and which Colzie claims constituted improper bolstering because they were not admissible as prior consistent statements. However, when the prosecutor asked the detective what he learned from his interview with Johnson, defense counsel objected not only on hearsay grounds, but also on the ground of improper bolstering. Thus, it is clear that the issue which Colzie raises on appeal has not been waived. Compare *Moore v. State*, supra; *Talley v. State*, supra.

After the trial court overruled the defense objection, the detective repeated Johnson's out-of-court statements, effectively summarizing much of Johnson's earlier testimony. The State argues that the prior statements were properly admitted because Johnson's credibility had been attacked. " ' "(A) witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination." (Cits.)' [Cit.]" *Moon v. State*, 288 Ga. 508, 511 (4) (705 SE2d 649) (2011). On cross-examination, Johnson was asked whether he had told defense

counsel just a week earlier that it had been too long for Johnson to describe the shooter, and Johnson answered negatively.

> A review of the transcript shows . . . that the import of the cross-examination of [Johnson] was that portions of his testimony on direct were inconsistent with what he had told defense counsel in an earlier interview. Thus, the suggestion was that . . . [Johnson's] inculpatory trial testimony lacked veracity and had been fabricated since his interview with [Colzie's] attorney.

*Blackmon v. State*, 272 Ga. 858, 859 (2) (536 SE2d 148) (2000). See also *Hall v. State*, 287 Ga. 755, 758 (3) (699 SE2d 321) (2010); *Dorsey v. State*, 252 Ga. App. 33, 34 (1) (555 SE2d 498) (2001). Therefore, the cross-examination of Johnson constituted the requisite attack on his veracity. " 'To be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must "predate the alleged fabrication, influence, or motive." ' [Cit.]" *Mister v. State*, 286 Ga. 303, 306 (4) (687 SE2d 471) (2009). In this case, the alleged recent fabrication occurred within the week preceding trial, which clearly was after Johnson made the prior consistent statements to the detective. See *Davis v. State*, 303 Ga. App. 799, 802 (5) (694 SE2d 381) (2010). Accordingly, the trial court did not err in allowing the detective to testify regarding those statements. *Hall v. State*, supra; *Blackmon v. State*, supra; *Davis v. State*, supra.

3. Colzie urges that the trial court erred by excluding the testimony of his investigator that Johnson had pending felony charges.

> "A witness cannot be impeached by instances of specific misconduct unless that misconduct has resulted in the conviction of a crime. . . ." *McClure v. State*, 278 Ga. 411, 413 (3) (603 SE2d 224) (2004); see also OCGA § 24-9-84.1 (a) (1), (3) (authorizing impeachment of a witness with evidence of any crime involving dishonesty or false statement, or a felony); [cit.]

*Noellien v. State*, 298 Ga. App. 47, 49-50 (3) (a) (i) (679 SE2d 75) (2009). A criminal defendant does have " 'the right to cross-examine a witness concerning pending criminal charges against the witness for purposes of exposing a witness' motivation in testifying, e.g., bias, partiality, or agreement between the government and the witness. (Cits.)' " *Mays v. State*, 279 Ga. 372, 373 (2) (613 SE2d 612) (2005). However, defense counsel never attempted to cross-examine Johnson in this manner.

Colzie further contends that trial counsel rendered ineffective assistance by failing properly to cross-examine Johnson regarding his pending charges.

> In order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that counsel performed deficiently and that the deficient performance prejudiced the defendant such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. [Cit.]

*Allen v. State*, 286 Ga. 392, 398 (5) (687 SE2d 799) (2010). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Upon appellate review of that claim, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. [Cits.]" *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). Trial counsel testified at the hearing on the motion for new trial that Johnson had pending misdemeanor charges and a dead-docketed felony charge but that she did not know the proper way to impeach him therewith. However,

> [w]here the defendant cannot show evidence of a deal or any hope of a deal between the witness and the State, the trial court does not err in prohibiting the defendant from impeaching the witness with impermissible character evidence. [Cit.] In this specific case, even if we assume that the dead-docketed charge[ ] against [Johnson was] still "pending" at the time of [Colzie's] trial, there was still no evidence of any deal or potential deal between [Johnson] and the State in exchange for his testimony against [Colzie].

*Sapp v. State*, 263 Ga. App. 122, 123-124 (587 SE2d 267) (2003). Thus, no evidence was presented on motion for new trial to show that the trial court would have allowed "cross-examination regarding this subject. Consequently, neither deficient performance by counsel nor prejudice to [Colzie] has been shown." *Parks v. State*, 240 Ga. App. 45, 47 (2) (a) (522 SE2d 532) (1999).

4. Colzie also enumerates as error the trial court's failure to give a jury charge on the reliability of eyewitness identification.

At the charge conference, the trial court declined to give Colzie's requested charge on eyewitness identification and stated that it would give the pattern charge. However, the pattern charge was omitted inadvertently. After the trial court finished charging the jury, Colzie did not object to that omission, and instead objected only

to the decision not to give his own requested charge on eyewitness identification. Thus, "the specific grounds [Colzie] raises on appeal were not raised at trial during the charge conference or after the charge was given to the jury." *Dooley v. State*, 221 Ga. App. 245, 246 (3) (470 SE2d 803) (1996). See also *Green v. State*, 170 Ga. App. 806-807 (1) (318 SE2d 513) (1984). Because Colzie was tried after the effective date of the 2007 amendment to OCGA § 17-8-58 and did not specifically object to the jury charge on any grounds set forth in this appeal before the jury retired to deliberate, he has waived his right to urge error in the charge. *Collier v. State*, 288 Ga. 756, 758-759 (4) (707 SE2d 102) (2011); *Howard v. State*, 288 Ga. 741, 743 (2), 744 (3), 746 (6) (707 SE2d 80) (2011).

Moreover, we find no reversible error, much less any "plain error" pursuant to OCGA § 17-8-58 (b), assuming that analysis under that provision is proper in this case. See *Collier v. State*, supra; *Howard v. State*, supra. Johnson was already acquainted with Colzie prior to the murder. See *Hicks v. State*, 287 Ga. 260, 264 (4) (695 SE2d 195) (2010); *Conway v. State*, 281 Ga. 685, 689 (2) (642 SE2d 673) (2007). Furthermore, the trial court instructed the jury that the State has the burden of proving the identity of the perpetrator beyond a reasonable doubt and that it would be the jury's duty to acquit if it had any reasonable doubt that the defendant has been sufficiently identified as the perpetrator. See *Hicks v. State*, supra. We thus find it highly probable that the omission of a charge on the reliability of eyewitness identification did not contribute to the verdict. See *Hicks v. State*, supra.

*Judgments affirmed. All the Justices concur, except Nahmias, J., who concurs specially.*

NAHMIAS, Justice, concurring specially.

For the reasons given in my special concurrence in *Collier v. State*, 288 Ga. 756 (707 SE2d 102) (2011), I believe that OCGA § 17-8-58 (b) mandates that appellate courts apply plain error review to enumerated errors regarding jury charges that were not objected to at trial as required by OCGA § 17-8-58 (a). I therefore do not agree that we should merely "assum[e]" that plain error review is proper in this case, as the majority does in Division 4, see Maj. Op. at 125, thereby again leaving the conflict in our case law on this issue unresolved. Accordingly, I do not join that portion of the majority opinion, although I join the remainder of the opinion and the judgment.

DECIDED APRIL 18, 2011.

*Cromwell & Hibbert, Henry A. Hibbert*, for appellant.

Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Amy Hawkins Morelli, Assistant Attorney General, for appellee.