### A99A1874. WOOD v. THE STATE.
(522 SE2d 51)

JOHNSON, Chief Judge.

After a jury trial, Kenneth Wood was convicted of burglary. He appeals from the conviction.

1. Wood claims the evidence is insufficient to support the conviction. The claim is without merit.

Two participants in the burglary, a woman who is the sister of the victims' son-in-law and a man who was Wood's roommate, testified at trial against Wood. The two accomplices testified that they, two other women and Wood drove to the victims' unoccupied house late one night for the purpose of burglarizing it. Wood tried to gain entry to the house by breaking a door window, but he was then unable to unlock and open the door. The group eventually found an

unlocked bedroom window which they opened and through which they gained access to the house. All five members of the group entered the house and stole various items. They left the house with the stolen items and then returned a short time later to steal more things from inside the house.

The owner of the house testified that he and his wife were on vacation at the time of the burglary, that their housekeeper called them to report the burglary, that they returned to find their house ransacked and approximately $32,000 worth of property missing. He contacted the police several days after the burglary to inform them that he had discovered that one of the burglars was his son-in-law's sister.

A police investigator testified that the son-in-law's sister gave a statement admitting her participation in the burglary and identifying all the burglary participants, including Wood. She also helped the police recover some of the stolen property. Wood's roommate also gave a statement to police identifying Wood as a participant in the burglary. The investigator further confirmed that entry into the burglarized house had not been made through the locked door with the broken window, but had been made through an unlocked bedroom window.

Contrary to Wood's claim, the corroborating testimony of his two accomplices, along with the further corroboration of the victim and the investigator, was sufficient evidence to authorize the jury's finding that he is guilty beyond a reasonable doubt of burglary. See *Sparks v. State*, 234 Ga. App. 11, 12 (1) (505 SE2d 555) (1998); *Flanders v. State*, 230 Ga. App. 316, 317-318 (1) (496 SE2d 344) (1998). The judgment of conviction is therefore not reversible based on the claim of insufficient evidence. See *Brady v. State*, 169 Ga. App. 316, 317 (1) (312 SE2d 632) (1983).

2. Wood complains the court erred in overruling his hearsay objection to the investigator's testimony that the sister of the victims' son-in-law told the investigator that Wood had participated in the burglary. Wood argues the court improperly ruled that the testimony was admissible to explain the investigator's conduct. We agree with Wood that this is not one of those rare instances in which the investigator's conduct was in issue and needed to be explained, and thus the testimony was not admissible on that basis. See *Arnold v. State*, 228 Ga. App. 137, 139 (2) (491 SE2d 205) (1997). Nevertheless, the testimony was admissible for another reason.

Under *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998), a witness's prior consistent statement is admissible where (1) the veracity of the witness's trial testimony has been placed in issue at trial; (2) the witness is present at

trial; and (3) the witness is available for cross-examination.

(Punctuation omitted.) *Casillas v. State*, 233 Ga. App. 752, 757 (2) (505 SE2d 251) (1998).

In the instant case, the declarant was present at trial and was available for cross-examination. Further, the veracity of her testimony was placed in issue by Wood's cross-examination attempts to show that she had been under the influence of drugs and alcohol on the night of the burglary and that she was motivated to testify against him by a lenient plea agreement she had entered into with the state. Consequently, her statement to the police investigator identifying Wood as a burglary participant was admissible as a prior consistent statement. See *Moore v. State*, 234 Ga. App. 424, 426-427 (2) (506 SE2d 925) (1998).

Although this was not the basis expressed by the trial court for admitting evidence of the statement, a trial court's ruling must be affirmed if it is right for any reason. *Stovall v. State*, 216 Ga. App. 138, 139 (1) (453 SE2d 110) (1995). We therefore uphold the admission of the investigator's testimony regarding the accomplice's prior consistent statement.

3. Wood contends the court erred in denying his motion for a mistrial after one of his accomplices testified that the police found items stolen during the burglary in Wood's house, which violated a court ruling that there be no such testimony about burglary items found in Wood's house. The contention provides no basis for reversing the trial court because Wood's motion for a mistrial was untimely.

Immediately after the accomplice testified that burglary items were found in Wood's house, Wood objected to the testimony but did not move for a mistrial. The court sustained the objection and instructed the jury to disregard any testimony about items found in Wood's house. Wood thanked the judge and thereafter conducted a thorough cross-examination of the witness. The state then presented four more witnesses. It was only after the state rested that Wood moved for a mistrial on the basis of the accomplice's testimony concerning burglary items found in his house.

The trial court correctly denied the untimely motion. "A motion for mistrial not made at the time the testimony objected to is given is not timely and will be considered as waived because of the delay in making it." (Citations and punctuation omitted.) *Worley v. State*, 201 Ga. App. 704, 705 (2) (411 SE2d 760) (1991).

4. Wood argues that the court erred in charging the jury that the intent necessary for the commission of burglary need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator remains on the premises. Wood concedes that this is a correct statement of the law. See *Stephens v. State*, 232 Ga. App.

738, 739 (1) (503 SE2d 643) (1998). He contends, however, that the charge was inappropriate in this case because the indictment specifically alleges that Wood entered the victims' house with the requisite intent, and it does not allege that he formed the intent after entry while remaining on the premises. The contention is specious.

The court read the indictment to the jurors and further instructed them that the state had the burden of proving beyond a reasonable doubt all the essential elements of the crime as alleged in the indictment. The jurors had the indictment with them in the jury room during deliberations and wrote their guilty verdict on the face of the indictment. Considering the entire charge, it is apparent that the court properly limited the jury's consideration to the manner of burglary set forth in the indictment. *Crawford v. State*, 188 Ga. App. 841, 842 (2) (374 SE2d 781) (1988). Moreover, given the overwhelming evidence of Wood's guilt, even if the court's charge had been erroneous, the error would be harmless. See *Earnest v. State*, 216 Ga. App. 271, 272 (2) (453 SE2d 818) (1995).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 1999 —
RECONSIDERATION DENIED AUGUST 27, 1999.

*Sam B. Sibley, Jr.*, for appellant.
Kenneth Wood, *pro se.*
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.