## S09A0046. DUGGAN v. THE STATE.
(677 SE2d 92)

SEARS, Chief Justice.

The appellant, Major Duggan, appeals from his convictions for murder and other crimes stemming from the shooting death of

---

Marcus Key.[1] Duggan contends that the trial court erred in permitting the State to introduce a prior consistent statement of a witness as substantive evidence, and that the evidence is insufficient to support his convictions. We conclude that, although the trial court erred in admitting the prior statement into evidence, the error was harmless. We also conclude the evidence is sufficient to support Duggan's convictions. Accordingly, we affirm.

1. At trial, the victim's stepbrother, Willie Sheffield, testified that Duggan contacted him on the evening of February 24, 2005, and requested that he arrange for Duggan and Anderson to buy marijuana from the victim. Sheffield called the victim to arrange the marijuana sale. Sheffield was suspicious because Duggan suggested a non-public place for the transaction. Duggan reassured Sheffield by showing him the cash with which he and Anderson planned to buy the marijuana. Sheffield, however, called the victim a second time to suggest that the victim carry a gun to the meeting for protection.

Anderson and Duggan proceeded on foot to the parking lot of the apartments where the meeting was to take place, and Sheffield went to the same parking lot to meet a friend. Sheffield testified that the victim arrived alone in his truck. Duggan got into the front passenger seat of the truck, and Anderson got into the back seat behind Duggan. Shortly thereafter, Sheffield heard "four or five gunshots in the back" of the truck. At the time the first shots were fired, Sheffield was standing about 30 feet away on the driver's side of the truck. Sheffield heard Anderson tell the victim to get out of the truck. The victim exited the truck and fell to the ground. Sheffield saw Anderson get out of the back seat of the truck with a black .32 caliber revolver in his hand. Sheffield testified he approached the victim, but Anderson told him to get back. Anderson then got into the front driver's side of the truck. Duggan remained on the passenger side. Sheffield testified that immediately after the shooting, he heard Duggan say, "Nothing personal, just business." After Anderson got in the front driver's seat, he and Duggan left in the victim's truck.

---

[1] The crimes occurred on February 24, 2005. On July 29, 2005, Duggan was jointly indicted with Antonio Anderson for malice murder, felony murder, armed robbery, hijacking a motor vehicle, aggravated assault with a deadly weapon, possession of a firearm during the commission of a felony, possession of a firearm by a first offender probationer, and influencing a witness. A jury found Duggan guilty of all crimes, and on November 27, 2006, the trial court sentenced Duggan to life in prison for malice murder and to terms of years in prison for the other offenses. The felony murder conviction was vacated as a matter of law, and the court merged the aggravated assault conviction with the malice murder conviction. On November 27, 2006, Duggan filed a motion for new trial, and on September 4, 2007, he filed an amended motion for new trial. On July 18, 2008, the trial court denied the motion for new trial, and on July 25, 2008, Duggan filed a notice of appeal. The appeal was docketed in this Court on September 25, 2008, and was subsequently submitted for decision on the briefs.

After the shooting, Sheffield called his mother and 911, and Sheffield and his mother immediately went to the police station. While at the police station, Sheffield received a call from Duggan. The officer that questioned Sheffield was present and was able to hear what Duggan said to Sheffield. According to the officer, Duggan warned Sheffield not to talk to the police. Sheffield testified that Duggan told him, "Don't be running your mouth on these streets. You'll get seen about."

Another witness, Valerie Pratt, testified that as she was exiting her apartment and going to the parking lot, she heard gunshots. Pratt saw two men in the truck with the victim but could not see their faces. Pratt did not identify Duggan or Anderson at trial. Pratt testified that the man on the passenger side front seat of the victim's truck got out of the car with a silver gun in his hand, went to the other side of the car, and pulled the victim out of the car. According to Pratt, she heard one shot after the man on the passenger side got out of the car. The man who had exited the passenger side got into the driver's seat and drove away. The man in the back seat did not exit the car.

Shalundia Barner was in a car in the parking lot at the time of the shooting. She saw the victim's truck pull into the parking lot and testified that two men got into the truck. Barner did not see the men's faces and did not identify Duggan or Anderson at trial. When Barner heard three or four gunshots, she exited her car and sought safety on the other side of the apartment building.

A medical examiner testified that the victim had three gunshot wounds; one entered the right shoulder near his neck, and two entered his upper back. A firearms examiner testified that all three bullets recovered from the victim's body came from the same .32 caliber Colt revolver. The victim's truck was found about five miles from the crime scene and near Duggan's uncle's house. It had been burned, and a gas can was found in the truck. Cell phone records introduced into evidence confirmed that Sheffield called the victim's cell phone several times shortly after 9:30 p.m. on the night of the crimes and called 911 at 9:59 p.m. The cell phone records also show that Duggan called Sheffield's cell phone during the time Sheffield was at the police station.

Duggan testified at trial that he contacted Sheffield and arranged, through Sheffield, for him and Anderson to purchase marijuana from the victim. According to Duggan, he got in the front passenger seat, Anderson got in the rear seat behind Duggan, and he (Duggan) began to haggle with the victim over the price of the marijuana. Duggan testified the victim had a gun on his lap in the truck while the three men discussed the price for a quarter pound of marijuana. Duggan said he knew Anderson carried a gun to the

meeting, but did not know Anderson was going to shoot the victim. Anderson became frustrated that the victim would not lower his price and said, "Fuck all this." At that point, the victim turned with a gun in his hand. Duggan ducked and put his head down, and Anderson shot the victim. After the shooting, Duggan and Anderson drove to an isolated area near Duggan's uncle's house, parked the car, and walked to Duggan's uncle's home. Duggan testified that he got a can of gasoline from a neighbor's porch and that he and Anderson set the car on fire. Duggan added that Anderson took the victim's gun from his truck and gave it to Duggan's uncle.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Duggan guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Duggan contends that the trial court erred in admitting as substantive evidence a statement that Sheffield made on the night of the crime at the police station. We agree, but find the error to be harmless.

" 'A witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination.' " A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement "if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination."[3] Even then, to be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must "predate the alleged fabrication, influence, or motive."[4]

Here, the prior statements by Sheffield did not predate any alleged influence or motive, such as the fact that Duggan was accused of killing one of Sheffield's relatives, that may have influenced Sheffield's testimony. The trial court thus erred in admitting the prior statement as substantive evidence. We conclude, however, that the error was harmless.

> In making this determination, we may not rely on the fact that [Sheffield] gave testimony at trial that was consistent

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Hunt v. State*, 279 Ga. 3, 5 (608 SE2d 616) (2005) (quoting *Tuff v. State*, 278 Ga. 91, 94 (597 SE2d 328) (2004)). Accord *Character v. State*, 285 Ga. 112 (674 SE2d 280) (2009); *Watson v. State*, 278 Ga. 763, 774 (604 SE2d 804) (2004); *Woodard v. State*, 269 Ga. 317, 320 (496 SE2d 896) (1998).

[4] *Tome v. United States*, 513 U. S. 150, 158 (115 SC 696, 130 LE2d 574) (1995). Accord *Woodard*, 269 Ga. at 320; *Cash v. State*, 294 Ga. App. 741, 744 (669 SE2d 731) (2008).

with the prior statement that should not have been introduced, as the very nature of the error in admitting the prior consistent statement "is that it is repetitive of that to which the witness has already testified."[5]

The record, aside from the part of Sheffield's testimony that was contained in his prior statement, is replete with evidence that Duggan, not Anderson, arranged the drug sale; that Duggan knew Anderson was armed when the drug sale occurred; that Duggan argued with the victim over the price for the drugs, precipitating the shooting; that he fled the scene and destroyed evidence; and that he threatened Sheffield when he was at the police station. Moreover, Sheffield's testimony that Duggan said, "Nothing personal, just business," immediately after the shooting was not in his prior statement and thus may be considered in determining if the error in admitting the statement was harmless. Given the strength of this evidence, we conclude that the error in admitting Sheffield's prior statement was harmless.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 4, 2009.

*Adam M. Hames*, for appellant.
*Paul L. Howard, Jr., District Attorney, Clinton K. Rucker, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.

---

[5] *Character*, 285 Ga. at 120 (quoting *Baugh v. State*, 276 Ga. 736, 739 (585 SE2d 616) (2003)).