S10A0692. HALL v. THE STATE.

(699 SE2d 321)

HUNSTEIN, Chief Justice.

Michelle Garner Hall was convicted of malice murder and aggravated assault in the shooting death of her husband, Britt Hall. She appeals from the denial of her motion for new trial,[1] contending that the trial court erred by admitting similar transaction evidence

---

[1] The crimes occurred on July 30, 2008. Hall was indicted January 5, 2009 in Coweta County on charges of malice murder, felony murder and family violence aggravated assault. She was found guilty of all charges on September 25, 2009 and was sentenced that day to life in prison for the malice murder conviction and a concurrent 20-year sentence for the family violence aggravated assault conviction. See OCGA § 16-5-21 (j) (family connection as essential element State must prove for conviction); see generally *Eidson v. State*, 262 Ga. App. 664 (1) (586 SE2d 362) (2003). See also *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006) (where single act by defendant is element in two offenses, offenses do not merge where each offense requires proof of an additional fact). Her motion for new trial, filed October 9, 2009 and amended November 18, 2009, was denied December 4, 2009. A notice of appeal was filed December 17, 2009. The appeal was docketed for the April term in this Court and orally argued April 5, 2010.

and prior consistent statements and by failing to charge on involuntary manslaughter. Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that appellant was married to the victim and that the couple was experiencing stress as a result of serious financial difficulties. On July 30, 2008, appellant called 911 and stated that the victim had shot at her and then shot himself. There was medical testimony that the victim was shot in the chest from a distance between six and eight inches and died from this injury. The victim also sustained pre-mortem gunshot wounds to his thigh and the back of his left arm and had a bruise behind his right ear. The jury heard the audio recording of appellant's 911 call and the video recorded statements she made to police officers, in which she initially reiterated her suicide statement but later claimed that, after a struggle in which the victim was accidentally shot in the leg, she got the weapon, left the house, tried to unload it, then returned inside where, during a final struggle in which the victim wrapped his arms around her and pulled her down, the gun discharged inflicting the chest wound.[2] The only other person in the home at the time of these events was appellant's eight-year-old daughter, Alyssa Davis, who testified that, from her bedroom directly over the struggling couple, she heard the victim repeatedly tell appellant to "put the gun down."

Appellant, through her statements to police officers and ballistics testimony presented at trial, raised the defenses of justification and accident by claiming the victim was fatally shot during her struggle with him to prevent him from killing her and then committing suicide. However, witness credibility as well as the question of justification are matters for the jury, which was free to reject the version of the events favorable to appellant. See *Roper v. State*, 281 Ga. 878, 880 (1) (644 SE2d 120) (2007). On appeal this Court does not resolve conflicts in trial testimony or reweigh the evidence. *Dockery v. State*, 287 Ga. 275 (1) (695 SE2d 599) (2010). The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting as similar transaction evidence the testimony of her former husbands, Davis and Hart, regarding acts of violence she perpetrated against them. These acts consisted of incidents in which appellant during times of stress struck or kicked her then-spouse. Appellant urges that these prior batteries were inadmissible because they were not sufficiently similar so that proof of these independent crimes tended

---

[2] In her statements appellant did not expressly address the manner in which the arm wound to the victim was inflicted.

to establish the crimes charged. See *Lumpkin v. State*, 205 Ga. App. 68, 69 (2) (421 SE2d 100) (1992), cited by appellant.

When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crimes and the crimes in question. *Phillips v. State*, 287 Ga. 560 (697 SE2d 818) (2010). As in this case, the victims in the similar transactions were current or former spouses of appellant; the crimes all occurred when appellant was under stress[3]; and they involved acts of violence that were either entirely unprovoked or disproportionate to any provocation. Moreover,

> [i]n cases of domestic violence, prior incidents of abuse against family members or sexual partners are more generally permitted because there is a logical connection between violent acts against two different persons with whom the accused had a similar emotional or intimate attachment.

(Footnote omitted.) *Thomas v. State*, 246 Ga. App. 448, 449 (1) (540 SE2d 662) (2000).

Contrary to appellant's further assertion, the 15- and 13-year lapses of time between the prior incidents and the crimes at issue here do not require exclusion of the evidence. See *Pareja v. State*, 286 Ga. 117, 119-121 (686 SE2d 232) (2009). Compare *Slakman v. State*, 272 Ga. 662 (4) (533 SE2d 383) (2000) (event more than 30 years old may be too remote to be admitted as evidence of a similar transaction). Given that the similar transaction evidence reflects appellant's behavior towards prior spouses, we conclude that any prejudice from the age of these prior incidents was outweighed by the probative value of the evidence under the particular facts of this case and the purpose for which the similar transactions were offered. See *Pareja v. State*, supra at 119-120.

In reviewing the trial court's decision to admit similar transaction evidence, "we must be mindful that this decision should be upheld unless it is an abuse of discretion. [Cit.]" *Pareja v. State*, supra, 286 Ga. at 121. Because the evidence was sufficient to establish the required similarity between the charged crimes and the batteries appellant inflicted on her former husbands, the trial court did not abuse its discretion by admitting this evidence.

3. Appellant contends the trial court erred by admitting the prior

---

[3] The transcript reflects that the four similar transaction instances involved appellant's stress over an impending party that she was hosting; stress as a spouse was preparing to depart alone on a trip when appellant had also wanted to go; stress after learning that her spouse told another woman he no longer loved appellant; and stress when a divorced spouse returned for belongings from the marital home.

consistent statement by appellant's daughter, Alyssa Davis. The transcript reveals that, during defense counsel's cross-examination of the child, counsel elicited confirmation from Alyssa about certain information she had previously told her third-grade teacher and written in a journal the teacher had given her. The information included matters, e.g., that Alyssa had observed the victim punch appellant, that conflicted with Alyssa's testimony at trial. Over objection, the State was allowed to play for the jury the audio recorded statement Alyssa gave to a police officer within hours after the victim's death; this statement was consistent with Alyssa's trial testimony.

> A witness's prior consistent statement is admissible only where: (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.

(Punctuation and footnotes omitted.) *Duggan v. State*, 285 Ga. 363, 366 (2) (677 SE2d 92) (2009). The transcript reveals that, although appellant carefully did not accuse her nine-year-old daughter directly of lying, the child's veracity was affirmatively attacked by questions eliciting the inconsistencies between the child's testimony on direct examination and the statements she previously had made in her journal and to her teacher, thereby raising issues of recent fabrication, improper influence or improper motive. Under these circumstances, the trial court did not abuse its discretion by allowing the State to introduce Alyssa's prior consistent statement. See *Tuff v. State*, 278 Ga. 91 (4) (597 SE2d 328) (2004).

4. In her final enumeration, appellant contends the trial court erred by refusing to give the jury her requested instruction on involuntary manslaughter, see OCGA § 16-5-3 (a), which she asserts was supported by her statements to police officers reflecting that she had engaged in reckless conduct, e.g., by mishandling the revolver in that she failed to properly unload it and by mistakenly ignoring the risk of bringing the revolver back inside the home in proximity of the victim while knowing him to be suicidal, homicidal or both. The offense of involuntary manslaughter in the commission of an unlawful act "requires evidence of an unintentional killing 'by the commission of an unlawful act other than a felony.'. . . [Cit.]" (Emphasis omitted.) *Finley v. State*, 286 Ga. 47, 49 (4) (b) (685 SE2d 258) (2009). The uncontroverted forensic evidence established that the victim

was shot three times, in the chest, thigh and the back of his left arm; as to the arm wound, physical evidence indicated it was sustained while the victim was either lying prone on the floor or crawling on hands and knees. These injuries were inconsistent with the commission of an unlawful act other than a felony, and certainly not consistent with appellant's cited misdemeanor of reckless conduct, even assuming, arguendo, that reckless conduct could be demonstrated by the matters set forth by appellant. A charge of involuntary manslaughter is not warranted if no evidence supports the charge. *Folson v. State*, 278 Ga. 690 (4) (606 SE2d 262) (2004). The trial court did not err by failing to give appellant's requested charge.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Kam, Ebersbach & Lewis, Michael G. Kam, J. Scott Key*, for appellant.

*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.