## A11A0657. BROWN v. THE STATE.
(714 SE2d 395)

MILLER, Presiding Judge.

Following a jury trial, Samuel E. Brown was convicted of one count of rape (OCGA § 16-6-1 (a) (1)), one count of statutory rape (OCGA § 16-6-3 (a)), one count of aggravated sexual battery (OCGA § 16-6-22.2), one count of aggravated child molestation (OCGA § 16-6-4 (c)), and one count of aggravated sodomy (OCGA § 16-6-2 (a) (2)). Brown appeals, contending that the trial court erred in admitting hearsay testimony given by the sexual assault nurse examiner (the "Examining Nurse") and finding that he had waived his objection to the testimony.[1] In the alternative, Brown asserts that if his challenge to the Examining Nurse's testimony was waived, his trial counsel was ineffective in failing to preserve the issue. For the reasons that follow, we discern no reversible error and affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that in the mid-afternoon of May 30, 2004, Brown drove M. B., his 14-year-old cousin, to a nearby park where she watched him play baseball. After the game, Brown drove M. B. home. While en route, Brown made several sexually suggestive remarks to M. B. After they arrived at M. B.'s house, Brown followed M. B. through the front door, forcibly took her to her bedroom, and threw her onto her bed. Brown then forced his penis into M. B.'s vagina, performed cunnilingus on M. B., placed his finger in her vagina, and otherwise touched her vagina with his penis. Following these events, Brown kissed M. B. on her cheek, told her, "I'm sorry cousin," and left.

After the incident, M. B. called B. R., and while hysterical and crying, reported that she had been raped. Later that evening, M. B.

---

[1] Brown further argues the trial court erroneously admitted hearsay testimony given by the victim's friend, B. R. His enumerations of error, however, raise errors solely related to the Examining Nurse's testimony and do not assert error based upon B. R.'s testimony. "An appealing party may not use his brief to expand his enumeration of errors by arguing the incorrectness of a trial court's ruling not mentioned in the enumeration." (Footnote omitted.) *Anderson v. State*, 251 Ga. App. 785, 786 (554 SE2d 811) (2001). See also *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007) ("a party cannot expand her enumerations of error through argument or citation in her brief") (punctuation and footnote omitted). Because Brown has not enumerated this claim as error, his argument provides no basis for appellate review.

also reported the incident to her mother. M. B.'s mother took her to a local hospital, where she was examined by the Examining Nurse. The Examining Nurse testified that during her examination, she observed bruising to M. B.'s clitoral area, which was consistent with M. B.'s description of the struggle and incident. The hospital contacted the police, and following an investigation, Brown was arrested.

1. Brown argues that the trial court erred in admitting hearsay testimony from the Examining Nurse, which he contends improperly bolstered the victim's credibility. Although the trial court ruled that the issue had been waived, Brown asserts that his objection at trial was sufficient to preserve the issue.

(a) We agree that Brown preserved the issue by interposing a timely objection before the challenged testimony was admitted. It is axiomatic that

> a party must make either a written or oral objection or motion timely prior to or at trial so that the trial court may rule upon the issue to preserve it, or such issue is waived and not preserved. A party is not allowed to remain silent regarding an objection or grounds for error and gamble on a favorable jury verdict, expecting that he can raise such issue later in a motion for new trial.

(Citations omitted.) *Head v. CSX Transp.*, 259 Ga. App. 396, 397 (577 SE2d 12) (2003).

Here, Brown's counsel objected to the Examining Nurse's testimony before it was given. The trial court overruled the objection in favor of a limiting instruction.[2] Brown's counsel requested that his objection as to improper bolstering be noted for the record, to which the trial court responded, "So noted." Counsel thereafter offered no objection to the limiting instruction which the trial court gave. After the trial court gave the limiting instruction, the Examining Nurse proceeded to testify.

Citing *Sumlin v. State*, 283 Ga. 264 (658 SE2d 596) (2008), the State argues that Brown failed to preserve his objection to the Examining Nurse's testimony because he failed to renew his objection to her testimony immediately after the trial court gave its limiting instruction. The rule of *Sumlin*, however, does not apply in this case, where Brown's counsel did not move for a mistrial. Cf. id. at 266 (2) (requiring that counsel renew his or her motion for

---

[2] In its limiting instruction, the trial court charged the jury to consider such testimony "[as] not offered to prove the truth of what M. B. reported to the nurse, but [as] offered simply to explain what information was provided for medical examination and treatment."

mistrial immediately after such instruction to preserve the issue for appeal). Thus, contrary to the State's argument, counsel for Brown was not required to renew his objection following the trial court's limiting instruction in order to preserve the objection for appeal. Rather, "[s]tandard practice in Georgia has long required a party to make and obtain a ruling on an objection to evidence in the trial court, *before or as the evidence is admitted*, in order to preserve the objection for appeal[.]" (Emphasis supplied.) *Whitehead v. State*, 287 Ga. 242, 246 (2) (695 SE2d 255) (2010). Since the record shows that Brown timely objected before the testimony was admitted, we conclude that the trial court erred in ruling that Brown's challenge to the testimony had been waived.

Notwithstanding the trial court's erroneous ruling, no basis for reversal has been shown since Brown was not harmed thereby. Significantly, we conclude that the Examining Nurse's testimony was properly admitted, as fully explained below. See *O'Neal v. State*, 288 Ga. 219, 223 (2) (702 SE2d 288) (2010) ("[I]t is fundamental that harm as well as error must be shown for reversal.") (citation and punctuation omitted).

(b) Brown's claim that the trial court erred in admitting the Examining Nurse's hearsay testimony, over his objection, is without merit.

In making his objection at trial, Brown's counsel clarified that he did not object to the Examining Nurse's testimony to the extent that the statements were made for purposes of medical diagnosis or treatment, which were admissible under the hearsay exception. See OCGA § 24-3-4.[3] Rather, Brown's challenge to the Examining Nurse's testimony is based upon her recounting of M. B.'s statements regarding the events leading up to the rape incident and identification of Brown as the perpetrator, which Brown argues were not admissible under the medical diagnosis and treatment exception and improperly bolstered M. B.'s credibility.

Brown is correct that M. B.'s statements to the Examining Nurse identifying Brown as her perpetrator and providing information unrelated to the purpose of medical diagnosis and treatment were outside the scope of the hearsay exception defined in OCGA § 24-3-4. See *Miller v. State*, 194 Ga. App. 533, 534 (2) (a) (390 SE2d 901) (1990).

"It is [also] true that a witness' credibility may not be bolstered by the opinion of another, even an expert, as to whether the witness is

---

[3] "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." OCGA § 24-3-4.

telling the truth." (Citation and punctuation omitted.) *Brown v. State*, 293 Ga. App. 633, 636 (1) (c) (667 SE2d 899) (2008).[4] Nevertheless, a witness's prior consistent statement is admissible under circumstances in which

> (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination. A witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.

(Footnotes omitted.) *Tuff v. State*, 278 Ga. 91, 94 (4) (597 SE2d 328) (2004). "Even then, to be admissible to refute the allegation of recent fabrication, improper influence, or improper motive, the prior statement must predate the alleged fabrication, influence, or motive." (Punctuation and footnote omitted.) *Duggan v. State*, 285 Ga. 363, 366 (2) (677 SE2d 92) (2009).

As the trial court ruled here, challenging M. B.'s credibility was central to Brown's defense. During his cross-examination of M. B., trial counsel attempted to demonstrate inconsistencies in her testimony and asserted that M. B. had changed her initial testimony regarding whether Brown took his pants off at the time of the incident. In accordance with the foregoing line of attack, trial counsel argued in his closing argument that M. B. was not believable. Moreover, at the motion for new trial hearing, trial counsel testified that his strategy was to attack the victim's credibility and show that her claims were fabricated. It is undisputed that M. B.'s statements to the Examining Nurse predated her allegedly fabricated trial testimony. Under these circumstances, we conclude that the admission of the complained of testimony was not erroneous. See *Tuff*, supra, 278 Ga. at 94 (4); *Dorsey v. State*, 252 Ga. App. 33, 34 (1) (555 SE2d 498) (2001).

Even if we were to hold otherwise that the testimony was inadmissible hearsay, the trial court's instructions to the jury limited the use of the testimony and expressly stated that the "evidence was not offered to prove the truth of what M. B. reported to the nurse[.]" The limiting instruction cured any possible error from the admission

---

[4] We note that the Child Hearsay Statute, OCGA § 24-3-16, allows testimony from both the child victim, as well as witnesses to whom the child later described the sexual act, even if the hearsay may be bolstering. See *Bell v. State*, 294 Ga. App. 779, 781 (4) (670 SE2d 476) (2008). Significantly, however, the Child Hearsay Statute only applies to "[a] statement made by a child under the age of 14 years[.]" OCGA § 24-3-16. Since M. B. was 14 years old when she made the disclosures at issue, the Child Hearsay Statute does not apply in this case.

of the testimony. See *Watson v. State*, 235 Ga. 461, 464 (2) (219 SE2d 763) (1975).

2. Since we have concluded that trial counsel properly preserved his objection to the testimony of the Examining Nurse, we need not address Brown's ineffective assistance claim based upon trial counsel's alleged failure to do so.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED JULY 13, 2011.

*Kevin C. Armstrong*, for appellant.

*Gregory W. Edwards, District Attorney, Cania Brown-Gordon, Assistant District Attorney*, for appellee.