296 Ga. 524
FINAL COPY

S14A1372. ANDERSON v. THE STATE.

NAHMIAS, Justice.

Appellant Antonio Anderson was convicted of malice murder and other crimes in connection with the shooting death of Marcus Key. On appeal, he argues that the trial judge referred to his trial counsel and the prosecutor in a manner that created an impression of favoritism toward the State's attorney, and that his trial counsel provided ineffective assistance by failing to object to the trial judge's remarks. We affirm.[1]

1. Viewed in the light most favorable to the verdicts, the evidence presented at trial showed the following. On the evening of February 24, 2005,

---

[1] The crimes occurred on February 24, 2005. On July 29, 2005, a Fulton County grand jury returned indictments against Appellant and Major Duggan, charging Appellant with malice murder, felony murder, armed robbery, hijacking a motor vehicle, aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during a felony. Appellant and Duggan were tried together from November 13 to 21, 2006 before Judge Marvin S. Arrington. The jury found each defendant guilty of all counts for which he was indicted. Appellant's felony murder verdict was vacated as a matter of law, and his aggravated assault count merged into the malice murder conviction. Appellant was sentenced to serve life in prison for murder, ten consecutive years for armed robbery, ten concurrent years for hijacking a motor vehicle, five concurrent years for possession of a firearm by a convicted felon, and five years on probation for possession of a firearm during the commission of a felony. Appellant filed a motion for new trial on November 28, 2006, which he amended on September 24, 2012 after being appointed new counsel and after the trial judge retired. After a hearing, the successor trial judge denied the motion on January 15, 2013. Appellant filed a timely notice of appeal, and the case was docketed to this Court for the September 2014 term and submitted for decision on the briefs. Duggan's convictions were affirmed on appeal more than five years ago. See Duggan v. State, 285 Ga. 363 (677 SE2d 92) (2009).

Appellant and his co-defendant Major Duggan arranged to meet Key in an apartment complex parking lot to buy a quarter pound of marijuana. Appellant and Duggan walked to the meeting spot, and when Key arrived in his Chevrolet Tahoe, Appellant got into the back seat and Duggan got into the passenger seat. Both Appellant and Key had guns. Shortly after Appellant and Duggan got into the Tahoe, several gunshots were fired.

Willie Sheffield, who had contacted Key for Appellant and Duggan to set up the drug deal, was standing nearby. Sheffield heard the gunshots and heard Appellant say "get the f**k out of the truck" before Key fell from the Tahoe to the ground. Appellant got out of the back seat holding a .32-caliber revolver and told Sheffield to get back. Duggan said, "Nothing personal. Just business." Appellant then got in the driver's seat of the Tahoe, and he and Duggan drove away. The Tahoe was found on fire about five miles away. Key died on the scene from three gunshot wounds, two to his back and one to the back of his right shoulder near his neck. All three bullets were fired from the same .32-caliber Colt revolver. About two weeks later, Appellant and Duggan turned themselves in and were arrested.

At trial, the defense theory was that Appellant shot Key in self-defense.

Duggan testified that he and Key were haggling about price in the Tahoe when Appellant suddenly said, "F**k all this," and both Appellant and Key drew their guns. Appellant did not testify.

Appellant does not challenge the legal sufficiency of the evidence supporting his convictions. Nevertheless, in accordance with this Court's practice in murder cases, we have reviewed the record and conclude that the evidence presented at trial and summarized above was sufficient to authorize a rational jury to reject Appellant's claim of self-defense and to find him guilty beyond a reasonable doubt of the crimes for which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979). See also Sifuentes v. State, 293 Ga. 441, 443 (746 SE2d 127) (2013) ("While [appellant] maintains he acted in defense of himself and his brother, [i]t was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (citations and punctuation omitted)).

2. In his first enumeration of error, Appellant argues that the trial judge prejudiced the jury against him by demonstrating partiality toward the State's attorney and against his trial counsel. The record shows that, in the presence of the jury and before it returned its verdicts, the trial judge referred to the

prosecutor, Clint Rucker, as either "Mr. Rucker" (27 times) or "Clint" (20 times). The judge similarly referred to Appellant's trial counsel, Melissa Redmon, as "Ms. Redmon" (six times) and "Melissa" (three times). The judge also called her "Young Lady" or "Ms. Young Lady" four times and "Miss Conflict" two times.[2] During the trial, however, Appellant did not object to these remarks by the trial judge or file a motion for the judge's recusal. He therefore failed to preserve this argument for review on appeal. See Stacey v. State, 292 Ga. 838, 843 (741 SE2d 881) (2013) ("Georgia 'has long followed the contemporaneous objection rule, which provides that counsel must make a proper objection on the record at the earliest possible time to preserve for review the point of error.'" (citation omitted)); State v. Hargis, 294 Ga. 818, 821 (756 SE2d 529) (2014) (holding that if a recusal motion is not filed within five days of the movant's first learning of the alleged grounds for disqualification, "the question of disqualification is not preserved for appellate review").

3. Appearing to recognize this defect in his direct claim, Appellant contends in his second enumeration of error that his trial counsel provided

---

[2] The jury was not told that Ms. Redmon worked for the Metro Conflict Defender's Office.

4

ineffective assistance by failing to object to the trial judge's remarks or to move for the judge's recusal. To prevail on this claim, Appellant must show both that his counsel's performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to him. See Strickland v. Washington, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984). "This burden, although not impossible to carry, is a heavy one." Young v. State, 292 Ga. 443, 445 (738 SE2d 575) (2013). Appellant has not met that burden here.

To start with, Appellant has not demonstrated that his trial counsel's performance was deficient. Trial counsel explained at the motion for new trial hearing that she did not consider the trial judge's references "disrespectful or derogatory," and that "due to his demeanor, his nature, [the] way he treated us in the courtroom, I don't think anyone else would have taken it as that way either." "[C]ounsel's decision not to make an objection must be patently unreasonable to rise to the level of deficient performance." Peoples v. State, 295 Ga. 44, 60 (757 SE2d 646) (2014). Given trial counsel's first-hand perception of the tone and impact of the judge's comments, we cannot say that she had no reasonable basis for not objecting to the trial judge's comments and for not

5

moving for the judge's recusal.

In addition, as explained by the successor judge in the order denying Appellant's motion for new trial:

> the trial judge's remarks — while facially condescending and seemingly inappropriate when read from the dry transcript — were not a comment on the evidence and did not alter the proof adduced at trial that [Appellant] shot and killed Marcus Key during an armed robbery. . . . Moreover, appellate counsel for [Appellant] was unable to identify any unfavorable rulings that could be traced to any attitude of partiality or bias held by the trial judge.

Thus, Appellant also cannot show prejudice from his trial counsel's asserted deficiency, as there is no "reasonable probability that, but for counsel's [allegedly] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U. S. at 694.

4. We do not condone the trial judge's use of first names and potentially belittling monikers to refer to counsel, particularly in the presence of the jury. Judges should maintain a substantial degree of formality in their court proceedings. See Canon 3 (B) (3) of the Georgia Code of Judicial Conduct ("Judges shall require order and decorum in proceedings over which they preside."). We hold only that Appellant has not established error requiring the reversal of his convictions and a new trial.

Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in judgment only as to Divisions 2 and 3.


Decided February 16, 2015.

Murder. Fulton Superior Court. Before Judge McBurney.

Barbara M. Collins, for appellant.

Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Marc A. Mallon, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General, for appellee.