**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 25, 2025**

# In the Court of Appeals of Georgia

A25A0233. SPENCER v. THE STATE.

DOYLE, Presiding Judge.

Following a 2014 jury trial, Derek Xavier Spencer was convicted of one count of possession of marijuana, and two counts each of trafficking of persons for labor or sexual servitude, pimping, pandering, aggravated child molestation, statutory rape, and contributing to the delinquency of a minor. In his sole enumeration of error on appeal, Spencer argues that the trial court erred by failing to merge his sentences for

pimping and pandering.[1] For the reasons that follow, we vacate Spencer's judgment in part and remand the case for resentencing consistent with this opinion.

Spencer has not challenged the sufficiency of the evidence to support his convictions, but viewed in favor of the verdict,[2] the record shows that he, along with certain co-defendants, met two 14-year-old runaways, whom he took to a house and with whom he and the others engaged in sex acts, some of which were for payment. Over the course of about 15 days, he and his co-defendants directed the 14 year olds to perform sex acts with other men, and Spencer took money from the men in exchange for those acts. Additionally, Spencer transported the 14 year olds to at least two specific locations, and instructed them to traverse the areas on foot in order to find individuals interested in paying them for sex. The final location was a hotel at Old

---

[1] To the extent Spencer states that he should have been afforded a new trial under OCGA §§ 5-5-20 and 5-5-21, Spencer did not enumerate this claim as error separately, and therefore, this argument provides no basis for appellate review. See, e.g., *Brown v. State,* 310 Ga. App. 835, n.1 (714 SE2d 395) (2011) (explaining that a party cannot expand his enumerations of error through argument or citation in his brief, and claims not enumerated as error will not be reviewed).

[2] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

National Highway where police discovered and arrested Spencer. The jury found Spencer guilty of 13 of the 16 counts for which he was indicted.[3]

Pertinent to his argument on appeal, Spencer was charged in Counts 5 and 6 with violation of OCGA § 16-6-11 (3), pimping, "for the said accused, in the County of Fulton and State of Georgia, on the 20th day of October, 2012, did, direct [victims] under the age of 16, to Old National Highway, when he knew the direction was for the purpose of prostitution; — contrary to the laws of said State, the good order, peace and dignity thereof[.]" Spencer was charged in Counts 7 and 8 with violations of OCGA § 16-6-12, pandering "for the said accused, in the County of Fulton and State of Georgia, on the 20th day of October, 2012, did solicit [victims], . . . under the age of 16 years, to perform an act of prostitution; — contrary to the laws of said State, the good order, peace and dignity thereof[.]"

After trial, Spencer moved for a new trial, which motion he later amended in 2022, raising the argument he now pursues on appeal. Spencer consented to having the motion for new trial decided on the briefs, and the trial court denied the motion,

---

[3] The trial court directed verdicts of acquittal as to three counts.

concluding that the charges at issue should not have merged for sentencing because each charge required proof of different elements.

"Merger" refers generally to situations in which a defendant is prosecuted for and determined by trial or plea to be guilty of multiple criminal charges but then, as a matter of substantive double jeopardy law, can be punished — convicted and sentenced — for only one of those criminal charges. A unit-of-prosecution analysis, which requires careful interpretation of the criminal statute at issue to identify the unit of prosecution — the precise act or conduct that the legislature criminalized, should be applied to determine whether multiple counts of the same crime merge. By contrast, a required evidence analysis, which considers whether each crime requires proof of a fact which the other does not, applies to a merger analysis [if] the same act or transaction constitutes a violation of two distinct statutory provisions.[4]

Because Spencer's convictions are based on two distinct statutory provisions — pandering (OCGA § 16-6-12) and pimping (OCGA § 16-6-11 (3)) — we apply the

---

[4] (Citations and punctuation omitted.) *State v. Shopshire*, 318 Ga. 14, 15-16 (2) (896 SE2d 541) (2023), quoting *Scott v. State*, 306 Ga. 507, 509 (2) (832 SE2d 426) (2019); *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

required evidence analysis to determine if the pandering counts should have merged with the pimping counts.[5]

The pimping statute criminalizes several acts, but applicable to this case, "[a] person commits the offense of pimping when[, inter alia,] he . . . [d]irects or transports another person to a place when he or she knows or should know that the direction or transportation is for the purpose of prostitution . . . ."[6] And applicable to this case, "[a] person commits the offense of pandering when he or she solicits a person to perform an act of prostitution on his or her behalf. . . ."[7] Generally, "to solicit" means

---

[5] See *Smith v. State*, 290 Ga. 768, 772, n. 4 (723 SE2d 915) (2012) ("[T]he required evidence test only applies [if] the same act or transaction constitutes a violation of two distinct statutory provisions.") (punctuation and emphasis omitted), quoting *Drinkard*, 281 Ga. at 215.

[6] OCGA § 16-6-11 (3).

[7] OCGA § 16-6-12 ("A person commits the offense of pandering when he or she solicits a person to perform an act of prostitution in his or her own behalf or in behalf of a third person or when he or she knowingly assembles persons at a fixed place for the purpose of being solicited by others to perform an act of prostitution."). See *McGee v. State*, 165 Ga. App. 423, 423-424 (1) (299 SE2d 573) (1983). See also *Cosmo v. State*, 295 Ga. 76, 80 (757 SE2d 819) (2014) ("solicitation of prostitution can be made through a third party pimp"); *Kea v. State*, 344 Ga. App. 251, 254 (2) (a) (810 SE2d 152) (2018) (explaining that an act of prostitution is "a sexual act, including but not limited to sexual intercourse or sodomy, [performed] for money or other items of value"), quoting OCGA § 16-6-9.

to approach someone with a request or plea — to try to obtain something by request.[8] This portion of the pandering statute usually is understood to mean that the person soliciting another is requesting to have sex with the other in exchange for something of value.[9] But in this case, the indictment did not include the portion of the statute stating "on his or her behalf."

Instead, the State, as quoted above, accused Spencer of violating OCGA § 16-6-12 by "solicit[ing the victims] to perform an act of prostitution . . . contrary to the laws of said State." The counts do not state whether the solicitation was for sex with Spencer or with a third party, and during its charge to the jury, the trial court instructed that "a person commits the offense of pandering when that person does solicit a person under the age of 16 to perform an act of prostitution for himself or for a third party." Thus, as indicted and instructed, the jury could have found Spencer guilty of pandering in Counts 7 and 8 by finding that he requested that the victims have sex with him in exchange for value or by finding that he requested that the

---

[8] See Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/solicit (last updated June 6, 2025).

[9] See *State v. Stillman*, 372 Ga. App. 330, 335 (2) (904 SE2d 379) (2024) ("Pandering . . . entails the act of soliciting the victim for sex"). See also *McGee*, 165 Ga. App. at 423-424 (1).

victims have sex with a third party in exchange for value. The latter possibility contains the same elements of the crime of pimping and would therefore merge.

Nevertheless, the State contends that the pimping counts require an element — directing to a place — that is not contained in the pandering counts, and the pandering counts contain an element — solicitation of a person to perform an act of prostitution — that is not contained in the pimping counts. The State argues that the two offenses would not merge because of these different elements, even if they were indicted based on the same act or transaction.[10] We find this argument unpersuasive in this instance.

Here, we cannot say whether the jury convicted Spencer of pandering based on facts he requested the victims perform an act of prostitution by having sex with him in exchange for money or if it convicted him of pandering based on the facts that established he solicited the victims to perform acts of prostitution with third parties at Old National Highway. If the latter, then the pandering counts should have merged into the pimping counts because soliciting the victims to perform acts of prostitution on behalf of third parties is necessarily included in directing the victims to go to Old

---

[10] See *Drinkard*, 281 Ga. at 215.

National Highway to perform acts of prostitution with third parties.[11] Because we cannot say for certain the set of facts upon which the jury chose to convict Spencer, and because a "defendant is entitled to the benefit of the doubt in the construction of an ambiguous verdict," his pandering counts should have merged into the pimping counts.[12]

*Judgment vacated in part and case remanded for resentencing. Markle and Padgett, JJ., concur.*

---

[11] See, e.g., *Bradley v. State*, 292 Ga. 607, 610 (1) (c) (740 SE2d 100) (2013) (holding that armed robbery and aggravated assault merge when the crimes are part of the same act or transaction because there is no additional element in the crime of aggravated assault).

[12] See generally *Lindsey v. State*, 262 Ga. 665, 666 (1) (424 SE2d 616) (1993) ("[T]he defendant is entitled to the benefit of the doubt in the construction of an ambiguous verdict[.]"). See also *Lucky v. State*, 286 Ga. 478, 482 (689 SE2d 825) (2010). Compare *Clemons v. State*, 361 Ga. App. 666, 672-674 (2) (865 SE2d 274) (2021) (holding that pimping does not merge with aiding and abetting aggravated child molestation or child molestation).